**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **HICA EDUCATION LOAN CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 11-2070-KHV** |
| **JOAHN J. HODGES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

HICA Education Loan Corporation brings suit against Joahn J. Hodges to recover amounts due under a promissory note. This matter comes before the Court on plaintiff's Motion For Default Judgment (Doc. #11) filed June 14, 2011 and defendant's Response To Motion For Default Judgement (Doc. #12) filed July 7, 2011, which the Court construes as a motion to set aside entry of default. For reasons stated below, the Court sustains plaintiff's motion for default judgment and overrules defendant's motion to set aside the entry of default.

**Factual And Procedural Background**

On February 7, 2011, plaintiff filed its complaint in this case. See Doc. #1. On the same day, the Court issued a summons. The summons stated that defendant had 21 days after service to file an answer or motion in response to the complaint.

On March 18, 2011, plaintiff filed a return of service. By affidavit, the process server stated that he left the summons at plaintiff's residence, 2863 Parkview Avenue, Kansas City Kansas, 66104, with her brother.[1] See Doc. #5 at 3.

---

[1] The process server described the brother as a black, balding man in his 50s who wore (continued...)

Defendant did not file an answer or otherwise respond to the complaint.

On May 18, 2011, the magistrate judge entered an order to show cause why the Court should not dismiss the case for lack of prosecution. See Doc. #6.

On May 23, 2011, plaintiff filed an application for clerk's entry of default under Rule 55(a), Fed. R. Civ. P.[2] On May 24, 2011, pursuant to Rule 55(a), the Clerk entered default against defendant. See Doc. #8.

On May 31, 2011, plaintiff responded to the show cause order. See Doc. 9. Plaintiff stated that after being served with the complaint, defendant contacted plaintiff's counsel and requested information regarding amounts owed. See id. ¶ 4. Plaintiff stated that on May 9, 2011, it sent the requested information to defendant, and that it held off on seeking default judgment to provide defendant an opportunity to resolve the matter. See id. ¶¶ 5- 6. Plaintiff stated that it received no further communication from defendant and filed an application for default judgment on May 23, 2011. See id. ¶ 7.

On June 9, 2011, the Court entered an order which found that under the circumstances, it would not dismiss the case for lack of prosecution. See Doc. #10.

On June 14, 2011, plaintiff filed a motion for default judgment. See Doc. #11. On July 7,

---

[1](...continued)
glasses, stood approximately 5 feet, nine inches tall and weighed 150 pounds. See Doc. #5 at 3.

[2] Rule 55(a) states as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

2011, defendant filed a response to the motion for default judgment.[3] In her response, defendant states as follows:

> I, Joahn J. Hodges, would like to make a motion that the judgment for default be set aside and allow me an opportunity to respond to the complaint. Unfortunately, I did not receive the correspondence from Stinson Morrison Hecker until after the deadline to respond, as my brother signed for the documents and gave them to me later. This is a debt that I have been paying and fully intend to pay. Thank you for your consideration in this matter.

Doc. #12. The Court construes defendant's response as a motion to set aside the entry of default.

**Legal Standards**

Under Rule 55(c), the Court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c).[4] The Court applies the same considerations when deciding whether to set aside an entry of default or a default judgment, but it applies them more liberally when reviewing an entry of default. See Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990). The good cause required by Rule 55(c) poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Rule 60(b).[5] See Dennis Garberg & Assocs.,

---

[3] Pursuant to D. Kan. Rule 6.1(d)(2), defendant had 21 days, or until July 5, 2011, to respond to the motion for default judgment. Defendant did not seek or obtain an extension of time to respond to the motion.

[4] Rule 55(c) states as follows:

> The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Fed. R. Civ. P. 55(c).

[5] Rule 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(continued...)

Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citing Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981)). In determining whether defendant has shown good cause, the Court considers the following factors: (1) whether the default resulted from culpable conduct by defendant; (2) whether plaintiff would be prejudiced if the Court sets aside the default; and (3) whether defendant has presented a meritorious defense. See Hunt v. Ford Motor Co., 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995); In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992). These factors are not "talismanic" and the court may consider other factors. Hunt, 1995 WL 523646, at *3. The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir.1970).

## Analysis

### I. Defendant's Motion To Set Aside Entry Of Default Judgment

Defendant asks the Court to set aside the entry of default judgment because (1) she did not receive the complaint until after the deadline to respond had expired and (2) she has been paying and fully intends to pay the debt. See Doc. #12. In determining whether defendant has shown good

---

[5](...continued)

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

cause to set aside an entry of default, the Court considers the following factors: (1) whether the default resulted from culpable conduct by defendant; (2) whether plaintiff would be prejudiced if the Court sets aside the default; and (3) whether defendant has presented a meritorious defense. See Hunt, 2995 WL 523686, at *3.

The first factor, i.e. whether the default results from culpable conduct by defendant, weighs against setting aside the default. Defendant states that she did not receive the complaint until after the deadline to respond expired. Notably, defendant does not state when she received the summons and complaint. In May of 2011, plaintiff noted in its response to the Court's show cause order that after defendant received the complaint, she contacted plaintiff and requested information regarding amounts owed.[6] See Doc. #9 ¶ 4. Plaintiff stated that on May 9, 2011, it sent defendant the information which she had requested. See id. ¶ 5. Thus, it appears that at least by May 9, 2011, defendant had received the summons and complaint from her brother. After receiving the summons and complaint, defendant took no steps to file an answer or otherwise respond to the complaint. Under these circumstances, the entry of default results, at least in part, from negligent conduct by defendant. This factor weighs against setting aside the entry of default.

The second factor, i.e. whether plaintiff would be prejudiced if the Court sets aside the default, weighs in favor of setting aside the default. The case is in an early stage. Plaintiff would not be severely prejudiced if the Court were to set aside the default and allow the case to proceed on the merits.

The third factor, i.e. whether defendant has presented a meritorious defense, weighs against setting aside the default. Defendant asserts that she has been paying and fully intends to pay the

---

[6] Plaintiff did not state the date on which defendant contacted it. See Doc. #9.

debt. Defendant does not dispute the amounts owed, nor does she assert that she is not in default on the promissory note. On this record, defendant has not presented a meritorious defense. This factor weighs against setting aside the entry of default.

On balance, the above factors weigh against setting aside the default. Accordingly, the Court will not set aside the entry of default.

## II. Plaintiff's Motion For Default Judgment

Plaintiff seeks default judgment under Rule 55(b)(1). That rule provides as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b).

Here, plaintiff's claim is for a sum that can be made certain by computation, and plaintiff has submitted an affidavit showing the amounts due. See Doc. #11 and Exhibit A thereto. The affidavit states that defendant owes $11,227.87 in unpaid principal and $303.18 in interest through May 10, 2011, plus interest in the amount of $1.15 per day thereafter. See Exhibit A to Doc. #11. The Court counts 120 days through the date of judgment, which amounts to $138.00 in interest after May 10, 2011 ($1.15 per day x 120 days = $138.00). Adding those amounts equals $11,669.05 due through the date of judgment ($11,227.87 in principal plus 303.18 in interest through May 10, 2011 plus $138.00 in interest through the date of judgment equals $11,669.05).

Plaintiff submits a proposed judgment which provides post-judgment interest at the parties' contractual rate, i.e. a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond

equivalent rates for the 91-day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 per cent, rounding this figure up to the nearest one-eighth of one per cent. See Exhibit B to Doc. #11. Parties to an agreement may override the statutory post-judgment rate if they indicate their intent to do so with "clear, unambiguous and unequivocal language." Soc'y of Lloyd's v. Reinhart, 402 F.3d 982, 1004 (10th Cir. 2005). Plaintiff does not point to any such language in the parties' agreement. The Court's review of the documents and pleadings reveals none. Accordingly, the Court awards post-judgment interest at the statutory rate.

Based on the foregoing analysis, the Court directs the Clerk to enter default judgment in the amount of $11,669.05 plus post-judgment interest at the statutory rate.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Default Judgment (Doc. #11) filed June 14, 2011 be and hereby is **SUSTAINED.** The Court directs the Clerk to enter default judgment against defendant in the amount of $11,669.05 plus post-judgment interest at the statutory rate.

**IT IS FURTHER ORDERED** that defendant's Response To Motion For Default Judgement (Doc. #12) filed July 7, 2011, which the Court construes as a motion to set aside entry of default, be and hereby is **OVERRULED.**

Dated this 7th day of September, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge