## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,     ) | |
| ) | |
| Plaintiff,    ) | |
| ) | CIVIL ACTION |
| v.    ) | |
| ) | No. 11-2070-KHV |
| JOAHN J. HODGES,    ) | |
| ) | |
| Defendant.    ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

On September 7, 2011, the Court entered default judgment in favor of plaintiff in the amount of $11,669.05, plus post judgment interest at the rate of .10 per cent as provided by law and costs of the action. See Judgment In A Civil Case (Doc. #15). This matter comes before the Court on plaintiff's Motion For Award Of Attorneys' Fees (Doc. #16) filed October 5, 2011.

Under Rule 54, Fed. R. Civ. P., plaintiff seeks attorneys' fees based on a contractual agreement with defendant. See id. at 1-2. Specifically, plaintiff asserts that the promissory note which formed the basis of plaintiff's claims against defendant states that defendant will pay "all reasonable attorney's fees and other costs." Id. at 1. Plaintiff asserts that the promissory note is to be governed and construed in accordance with 42 U.S.C. § 294 et seq. and 42 C.F.R. Part 60, which provide that a lender may require a borrower to pay for reasonable costs of collection including attorneys' fees. See id. at 2 (citing 42 C.F.R. § 60.15).

Rule 54(d)(2)(A), Fed. R. Civ. P., provides that claims for attorneys' fees shall be made by motion *unless* the substantive law governing the action provides for the recovery of such fees as an

element of damages to be proved at trial.  <u>See</u> Fed. R. Civ. P. 54(d)(2)(A).[1]  Here, plaintiff seeks

attorneys' fees based on a contractual agreement – in the nature of damages for breach of the parties'

agreement – which is an element of damages to be proved at trial.  <u>See, e.g.</u>, <u>Lynch v. Sease</u>,

No. 6: 03-479-DCR, 2006 WL 1206472, at *2-4 (E.D. Ky. May 2, 2006) (distinguishing attorneys'

fees claimed as damages for breach of agreement and attorneys' fees claimed under "prevailing

party" provision).  In its motion for default judgment, plaintiff did not seek attorneys' fees as an

element of damages.  <u>See</u> <u>Motion For Default Judgment</u> (Doc. #11) filed June 14, 2011.  And the

judgement does not award attorneys' fees.  <u>See</u> <u>Judgment In A Civil Case</u> (Doc. #15).  On this

record, plaintiff is not entitled to recover attorneys' fees under Rule 54.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Award Of Attorneys' Fees</u>

(Doc. #16) filed October 5, 2011 be and hereby is **OVERRULED.**

Dated this 7th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]     Rule 54(d)(2)(A) states as follows:

(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable
expenses must be made by motion unless the substantive law requires those fees to
be proved at trial as an element of damages.

Fed. R. Civ. P. 54(d)(2)(A).